IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. DOUGLAS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CRIM. CASE NO. 2:13-CR-0005
CIVIL CASE NO. 2:14-CV-2543
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

**ORDER**

On April 1, 2015, the Court granted Petitioner's request to dismiss without prejudice his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 48.) This matter now is before the Court on Petitioner's *Request for Reconsideration and Reopening of Case.* (ECF Nos. 49, 50.) Petitioner indicates that his attorney filed the motion to dismiss without Petitioner's consent. He maintains that he does not seek the dismissal of this complaint. Petitioner clarifies that he does not challenge his judgment of conviction or sentence. He instead claims that prison officials at the Butner Prison Facility have unconstitutionally denied him medical treatment and seeks appropriate medical care. He asserts that he has exhausted this claim. He indicates that he wants to file such a complaint in the sentencing Court in lieu of the jurisdiction of his current incarceration.

Petitioner's complaint is not properly brought under 28 U.S.C. § 2255, under which prisoners claiming "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" may seek immediate release. Challenges to a federal prison facility's denial of adequate

medical care, however, may be brought in an action under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1979), which provides federal inmates with a cause of action for civil rights complaints similar to that under 18 U.S.C. § 1983.  *See United States v. Gonyea, 2012* WL 5205874 (E.D. Mich. Oct. 22, 2012)(claims regarding inadequate medical care must be brought in an action under *Bivens*); *see also Russell v. Scutt*, No. 2:13-cv-10655, 2013 WL 212802, at *2 (E.D. Mich. March 25, 2013)(citing *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004)(denial of medical care claims will not be considered in federal habeas corpus petition); *Davis v. Zych*, No. 2:09-cv-11495, 2009 WL 1212489, at *1-2 (E.D. Mich. May 4, 2009)(claims regarding conditions of confinement properly brought in a *Bivens* civil rights action)(citations omitted).

For these reasons, Petitioner's *Request for Reconsideration and Reopening of Case,* (ECF Nos. 49, 50), is **DENIED**.  Petitioner relief, if any, may not be obtained through § 2255.  He may pursue an appropriate remedy in the Court having jurisdiction over those claims.

**IT IS SO ORDERED.**

  /s/   GREGORY L. FROST
GREGORY L. FROST
United States District Judge